## DAHLMAN v. JACOBS and another.*

*Circuit Court, E. D. Missouri. June 4, 1883.)*

**1.** EQUITY—JURISDICTION — MARRIED WOMEN—SUIT BY CREDITOR AT LARGE TO SET ASIDE A MORTGAGE EXECUTED BY AN INSOLVENT DEBTOR, OR HAVE IT DECREED TO STAND AS A GENERAL ASSIGNMENT.

    Where a married woman doing business in her own name became insolvent, and together with her husband executed to A., one of her creditors, an instrument purporting to be a mortgage, of all her separate property, to secure the payment of a debt she owed him, and B., another of her creditors, whose demand had not been established at law, brought suit in equity to have the instrument set aside, or decreed to stand for a general assignment for the benefit of all the creditors, *held*, that B. could maintain his bill, and that the court had jurisdiction.

In Equity. Motion to vacate order sustaining a demurrer to the bill.

A demurrer to the bill in this case having been sustained,† the plaintiff filed a motion to vacate the order sustaining the demurrer, upon the following grounds, viz.:

"(1) It appears by the bill that plaintiff cannot proceed at law to reduce his claim to judgment, as the debtor is a married woman; (2) it appears by the bill that the object is the assertion of a trust, the protection of a trust fund, and ratable distribution of the same; (3) it appears that the debtor is insolvent by the bill itself, and a judgment would be useless, and equity does not require that to be done which is unavailing."

The section of the Revised Statutes of Missouri of 1879, governing the operation of assignments for the benefit of creditors, is as follows:

Sec. 534. "Every voluntary assignment of lands, tenements, goods, chattels, effects, and credits made by a debtor to any person in trust for his creditors, shall be for the benefit of all the creditors of the assignor, in proportion to their respective claims, and every such assignment shall be proved or acknowledged, and certified and recorded in the same manner as is prescribed by law in cases wherein real estate is conveyed."

*Patrick & Frank,* for complainant.

*D. Goldsmith,* for defendants.

TREAT, J. The order heretofore entered dismissing this case is vacated. From the rulings of the supreme court of Missouri in like cases a suit in equity is proper, a principal defendant being a married woman. The question presented by the demurrer to the bill

---

*Reported by B. F. Rex, Esq., of the St. Louis bar.

†See 15 FED. REP. 863, for statement of facts and opinion.

would, if reviewed at length, require an elaborate analysis of the many conflicting statutes cited, and decisions thereunder, involving an attempt to reconcile diverse opinions upon the general subject. The case now before the court, however, arises under the Missouri statutes, which have been fully interpreted, not only by the Missouri supreme court, but also by the United States circuit court at Jefferson City, last October.[*] That decision is conclusive. The demurrer is overruled.

[*] *Martin* v. *Hausman,* 14 FED. REP. 160.